OPINION
{¶ 1} Appellant Anthony E. Roberson appeals the decision of the Court of Common Pleas, Stark County, which denied his post-sentence motion to withdraw a guilty plea. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 15, 1991, the Stark County Grand Jury indicted appellant on one count of drug abuse in violation of R.C. 2925.11(A), and one count of driving while under suspension in violation of R.C. 4507.02.
 {¶ 3} Appellant initially pled not guilty. However, on August 13, 1992, appellant, accompanied by counsel, pled guilty as charged. By judgment entry dated August 22, 1992, the trial court sentenced appellant to a determinate term of six months on each count to be served concurrently. Appellant filed no direct appeal of his conviction and sentence.
 {¶ 4} On February 26, 1993, appellant filed a pro se motion to withdraw his guilty pleas, pursuant to Crim.R. 32.1. A hearing was held on April 14, 1993. By judgment entry dated April 22, 1993, said motion was denied. Appellant filed no appeal from this ruling at the time.
 {¶ 5} On April 29, 1994, appellant filed another pro se motion to withdraw his guilty pleas. By judgment entry dated June 2, 1994, the trial court denied said motion. Appellant filed no appeal from this ruling. Then, on July 11, 1994, appellant filed a pro se petition to vacate judgment, in the form of a post-conviction petition for relief pursuant to R.C. 2953.21. By judgment entries dated October 27, 1994 and November 28, 1994, respectively, said petition was denied.
 {¶ 6} On February 10, 1995, appellant filed a pro se petition to vacate or set aside sentence. However, by judgment entry dated June 30, 1995, the trial court denied appellant's motion to defer hearing and request for extension, and denied appellant's petition to vacate or set aside sentence. Appellant appealed said decision; this Court affirmed the trial court in State v.Roberson (January 22, 1996), Stark App. No. 95CA0238, unreported. Appellant thereafter attempted, unsuccessfully, to obtain leave for a delayed appeal, once in 1996 and once in 1997, from the underlying August 22, 1992 judgment entry of conviction and sentence.
 {¶ 7} On September 24, 1997 appellant filed another motion for leave to file a delayed appeal, this time in regard to the trial court's judgment entry of April 22, 1993, which had denied his post-sentence Crim.R. 32.1 motion to withdraw his guilty plea. On November 7, 1997, this Court allowed the delayed appeal to proceed and ordered the appointment of counsel. After the passage of several months without the filing of an appellant's brief, this Court dismissed the appeal for want of prosecution. However, upon appellant's pro se motion filed pursuant to App.R. 26(B), this Court reopened the appeal on August 3, 1998, and new appellate counsel was appointed. On June 14, 1999, this Court issued its opinion and judgment entry, affirming the trial court's 1993 decision to deny appellant's motion to withdraw his guilty plea. See State v. Roberson (June 14, 1999), Stark App. No. 1997CA00343.
 {¶ 8} On June 3, 2003, appellant filed a "Motion for a New Withdrawal of Guilty Plea Hearing." Appellant therein essentially argued that the 1993 hearing on his motion to withdraw guilty plea was handled by the same attorney as had assisted him during plea negotiations, and that appellant had, at that time, already alleged that said attorney was incompetent. See Appellant's Motion, June 3, 2003, at 1. Nonetheless, on June 10, 2003, the trial court issued a judgment entry denying appellant's aforementioned motion. Appellant timely appealed and herein raises the following three Assignments of Error:
 {¶ 9} "I. The trial court erred in denying defendant's motion for a new withdraw of guilty plea hearing, pursuant to criminal rule 32.1, of the ohio revised code [,] to correct a `manifest injustice' that was directly caused by the violation of defendant's due process rights guaranteed by the sixth amendment to the united states constitution, when the court appointed defendant with the same attorney whom defendant alleged to be incompetent during the hearing on defendant's motion to withdraw his guilty plea.
 {¶ 10} "II. The trial court committed error by dismissing appellant's motion for a new withdraw of guilty plea hearing without holding an evidentiary hearing to determine whether defense counsel had an actual conflcit [sic] of interest in representing appellant during the original hearing on his motion to withdraw guilty plea.
 {¶ 11} "III. The trial court violated appellant'ssixth amendment right to counsel by conducting a hearing on the motion to withdraw with counsel burdened by a conflict of interest.
 I., III. {¶ 12} In his First and Third Assignments of Error, appellant argues the trial court erred in conducting the April 14, 1993 hearing on his motion to withdraw guilty plea by failing to appoint new counsel.
 {¶ 13} Crim.R. 32.1 reads as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the case sub judice, appellant essentially sought, via his motion of June 3, 2003, to utilize Crim.R. 32.1 to obtain a "new withdrawal of guilty plea hearing." However, appellant attempted to accomplish this in said motion by challenging the April 14, 1993 motion hearing, which was held pursuant to one of his earlier Crim.R. 32.1 motions, rather than challenging the original guilty plea hearing itself. We find no merit in this procedural tactic.
 {¶ 14} Moreover, as we noted previously, in State v.Roberson (June 14, 1999), Stark App. No. 1997CA00343, this Court heard a delayed appeal based on appellant's claim that the trial court failed to provide an adequate evidentiary Crim.R. 32.1 motion hearing on April 14, 1993. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment." State v. Perry (1967),10 Ohio St.2d 175, 180. We herein additionally hold the doctrine of res judicata bars appellant from now raising the issue that new trial counsel should have been provided for his 1993 motion to withdraw guilty plea.
 {¶ 15} Accordingly, appellant's First and Third Assignments of Error are overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant contends the trial court erred in denying him a hearing on his motion for a new withdrawal of guilty plea. We disagree.
 {¶ 17} In the case sub judice, based on our previous conclusion that the doctrine of res judicata prohibits appellant from raising claims that could have raised in his earlier Crim.R. 32.1 proceedings, we find the trial court was not required to hold an evidentiary hearing. Accord State v. Vincent, Ross App. No. 03CA2713, 2003-Ohio-3998.
 {¶ 18} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Wise, J., Hoffman, P.J., and Farmer, J., concur.