DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Kevin Molnar, appeals his sentence as imposed by the Summit County Court of Common Pleas for one count of felonious assault and two counts of endangering children. Defendant pled no contest to the three counts on the indictment and was sentenced to maximum, consecutive prison terms of eight and five years. Defendant now raises one assignment of error on appeal.
 ASSIGNMENT OF ERROR
"The trial court abused its discretion in sentencing [Defendant] to maximum terms of imprisonment and then imposing consecutive sentences."
 {¶ 2} In his only assignment of error, Defendant argues that the trial court abused its discretion in imposing maximum, consecutive prison terms. We find Defendant's argument to be moot, and we affirm his sentence as imposed by the trial court.
 {¶ 3} On February 27, 2006, the Ohio Supreme Court issuedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, in which the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.
 {¶ 4} This Court notes that on appeal Defendant has not challenged the constitutionality of the imposition of his sentence. Accordingly, we decline to sua sponte remand on grounds not argued by Defendant. Id. at ¶ 24. Further, as a result of the remedy chosen by the Foster Court, Defendant may not premise error based upon the failure of the trial court to make the findings previously required by statute. Id. at ¶ 20. As Defendant's sole contention on appeal is that the trial court failed to make the required statutory findings, his sole assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., concurs.
 Carr, J., concurs in judgment only.