[Cite as *State v. Molnar*, **2011-Ohio-3799.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

KEVIN M. MOLNAR

    Appellant

C.A. No.    25267

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 04 12 4206

DECISION AND JOURNAL ENTRY

Dated: August 3, 2011

Per Curiam.

{¶1}    Appellant Kevin Molnar appeals the denial of his motion to withdraw his no contest plea from the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2}    In March 2005, Mr. Molnar pleaded no contest and was convicted on one count of felonious assault and two counts of endangering children. During the plea colloquy, the court instructed him that he would be subject to postrelease control following his incarceration and that the postrelease control could last for a period of up to five years. Mr. Molnar was sentenced to 13 years of incarceration for these three convictions. The sentence did not include postrelease control.

{¶3}    In his direct appeal, Mr. Molnar argued that the trial court abused its discretion by imposing maximum and consecutive sentences. This Court affirmed, based on the then-recently

decided *State v. Foster*. *State v. Molnar*, 9th Dist. No. 22714, 2006-Ohio-2981. The Supreme Court of Ohio declined jurisdiction in the case. *State v. Molnar*, 111 Ohio St. 3d 1417, 2006-Ohio-5083.

{¶4} In October 2009, Mr. Molnar moved for resentencing. He alleged that the trial court had not properly sentenced him to a term of postrelease control as mandated by statute. The State agreed that Mr. Molnar's original sentence was void. The court determined that his sentence was void and scheduled a new sentencing hearing. At the same time, Mr. Molnar moved to withdraw his no contest plea. Following a hearing, the trial court denied the motion to withdraw the plea.

{¶5} At the resentencing hearing, the court resentenced Mr. Molnar to the same sentence and properly imposed 3 years of mandatory postrelease control.

{¶6} Mr. Molnar has appealed the trial court's denial of his motion to withdraw his plea. He presents three assignments of error.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED WHEN IT DID NOT PERMIT THE DEFENDANT TO WITHDRAW HIS NO CONTEST PLEA IN VIOLATION OF RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE."

ASSIGNMENT OF ERROR II

"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO RAISE THE DEFECTIVE NO CONTEST PLEA IN HIS MOTION HEARING, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION."

{¶7} Mr. Molnar asserts in his first two assignments of error that the trial court erred in denying his motion to withdraw and that his trial counsel was ineffective during the hearing. For the following reasons, his first and second assignments of error are overruled.

{¶8} Mr. Molnar appealed from his conviction and sentence, and this Court affirmed. After his first appeal, he moved to withdraw his no contest plea. The trial court denied his motion, and he has again appealed. The Ohio Supreme Court recently held that, "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St. 3d 92, 2010–Ohio–6238, at paragraph three of the syllabus. When the trial court fails to properly impose statutorily mandated postrelease control as part of the defendant's sentence, that part of the sentence is void and must be set aside. *Id.* at ¶26.

{¶9} Because only the postrelease control part of Mr. Molnar's sentence was void, this is his second appeal from the same conviction. Mr. Molnar has already had a direct appeal, and this Court affirmed his convictions. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St. 3d 448, 2010–Ohio–3831, ¶59 (citing *State v. Perry*, 10 Ohio St. 2d 175, paragraph nine of the syllabus (1967)). This prohibition extends to claims made in support of motions to withdraw a plea. *Id.* See, also, *State v. Brown*, 9th Dist. Nos. 25353 and 25355, 2011-Ohio-1043, ¶6. Mr. Molnar could have raised his challenge to his no contest plea in his first appeal. Accordingly, the claim is barred by res judicata.

{¶10} The procedural posture of this case also raises a jurisdictional question. "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment

which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *State v. Ketterer*, 126 Ohio St. 3d 448, 2010–Ohio–3831, at ¶61 (quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St. 2d 94, 97–98 (1978)).

{¶11} In his first appeal, this Court reviewed the trial court's judgment and affirmed. Pursuant to *Special Prosecutors* and *Ketterer*, the trial court lost jurisdiction to consider Mr. Molnar's motion to withdraw his no contest plea. The argument he presented in the first assignment of error could have been raised in his first appeal and, accordingly, is barred by res judicata. *State v. Brown*, 9th Dist. Nos. 25353 and 25355, 2011-Ohio-1043, at ¶8.

{¶12} Because the trial court could not consider Mr. Molnar's motion to withdraw his no contest plea, there is no basis for his claim of ineffective assistance of counsel during the hearing. Accordingly, Mr. Molnar's first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

"APPELLANT WAS DEPRIVED OF HIS DUE PROCESS AND HIS SPEEDY TRIAL RIGHTS WHEN HE WAS NOT GIVEN A VALID SENTENCE UNTIL ALMOST FIVE YEARS AFTER HIS NO CONTEST PLEA."

{¶13} Mr. Molnar argues that the delay of almost five years between "his plea and the imposition of a valid sentence" is a violation of his Sixth Amendment speedy trial rights. Because there was not a delay between the plea and sentence, the assignment of error is overruled.

{¶14} Pursuant to Rule 32(A) of the Ohio Rules of Criminal Procedure, the trial court shall impose sentence without unnecessary delay. Mr. Molnar has argued that there was a lengthy, unnecessary delay between his plea and the imposition of sentence. This is not a case in which the trial court refused to sentence the defendant. Rather, Rule 32(A) does not apply in a

case like this, in which a defendant must be resentenced because the trial court did not properly impose postrelease control. *State v. Hubbard*, 9th Dist. No. 25141, 2011-Ohio-2770, ¶17. Thus, Mr. Molnar's third assignment of error is overruled.

### III.

**{¶15}** Because Mr. Molnar had already appealed, the trial court could not consider his motion to withdraw his no contest plea. The trial court did not unnecessarily delay imposing sentence because only the postrelease control portion of his sentence was void; the remainder of the sentence was valid and timely imposed. The assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, J.
DICKINSON, P. J.
CONCUR

BELFANCE, J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶16} I would not apply *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, to erect a jurisdictional bar to Mr. Molnar's motion to withdraw his plea. Nor would I apply res judicata to foreclose Mr. Molnar's Crim.R. 32.1 motion to withdraw. However, because I agree that his assignments of error should be overruled for other reasons, I concur in judgment only. I write separately to address what I believe is the overly-broad application of *Special Prosecutors* and *State v. Ketter* that runs counter to Ohio Supreme Court precedent interpreting Crim.R. 32.1.

### Motion to Withdraw Plea

{¶17} Crim.R. 32.1 allows a defendant to file a motion to withdraw a plea, either before or after sentence is imposed. When a defendant moves to withdraw his plea after sentence, as Mr. Molnar did, he must meet a high burden: "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The Rule does not impose a time limit or deadline on when the motion must be filed. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14. The passage of time, however, remains

important. *State v. Smith* (1977), 49 Ohio St.2d 261, paragraph three of the syllabus (undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against granting of motion). Importantly, the Ohio Supreme Court has consistently held that a Crim.R. 32.1 motion to withdraw a plea is a separate and alternative legal remedy. *Bush* at ¶11.

{¶18} Notwithstanding the availability of a Crim.R. 32.1 motion as a separate and distinct remedy and the plain language of Crim.R. 32.1, courts of appeals have recently determined that a criminal defendant may not avail himself of a postsentence motion to withdraw a plea if a direct appeal has been taken from the conviction. These courts have applied *Special Prosecutors*, and, more recently, *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, to conclude that the trial court lacked jurisdiction to consider a postsentence motion to withdraw a plea.

### *State ex rel. Special Prosecutors*

{¶19} Ronald Asher pleaded guilty to murder and his conviction was affirmed on appeal. Months later, he moved to withdraw his guilty plea. The trial court granted the motion and the State did not appeal.

{¶20} Mr. Asher was arraigned again, and the trial court set a date for trial. Before that date, however, special prosecutors assigned to the case petitioned for a writ of prohibition. The State argued that the trial court lacked jurisdiction to grant the motion to withdraw the plea, so the court could not proceed with a trial. The court of appeals denied the writ and the State appealed.

{¶21} The Supreme Court explained that "the pivotal issue herein presented is whether the trial court exceeded its jurisdiction in vacating appellee's plea of guilty subsequent to the Court of Appeals' affirmance of its prior judgment convicting the appellee on the basis of his guilty plea." Id. at 96. In his direct appeal, the court of appeals had considered and decided that Mr. Asher voluntarily entered his guilty plea. Id. The Supreme Court recognized the general rule that a trial court retains jurisdiction over issues not inconsistent with that of the court of appeals to affirm, reverse, or modify the appealed judgment. Id. at 97. Notwithstanding this general rule, the Supreme Court held that "the trial court's granting of [Mr. Asher's] motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." Id. at 97.

{¶22} This last sentence is significant – the court of appeals' judgment is controlling upon the trial court as to all matters within that judgment. In Mr. Asher's case, the court of appeals considered his challenge to the voluntariness of his plea. That judgment – that he voluntarily entered his plea – was controlling on the trial court, and it could not reach a contrary conclusion and grant the motion to withdraw the plea.

{¶23} The *Special Prosecutors'* holding, considered in light of the facts before the Court, is consistent with general practice – when the court of appeals has considered and decided an issue, that holding is the law of the case. This is what the State argued in *Special Prosecutors*. Id. at 96. See, also, *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶35 (recognizing the jurisdictional distinction between the law of the case doctrine and res judicata). *Special Prosecutors* has been applied, however, to create a jurisdictional bar to a Crim.R. 32.1

motion to withdraw a plea regardless of whether that issue was raised and decided on appeal. However, in my view, *Special Prosecutors* is limited to those cases where an appellate court has considered and passed upon an issue, thus depriving a trial court of authority to alter the appellate court's decision. This conclusion is supported by *Cordray*, where the Supreme Court held that "[w]hile new arguments are barred by the res judicata portion of the law-of-the-case doctrine, res judicata – unlike the portion of the law-of-the-case doctrine at issue here – is not a basis for extraordinary relief in prohibition." *Cordray* at ¶35.

### *State v. Ketterer*

{¶24} The main opinion also relies upon *State v. Ketterer* to support the conclusion that the trial court was deprived of jurisdiction to consider Mr. Molnar's motion to withdraw his plea. However, I view reliance upon *Ketterer* as misplaced. Although the Ohio Supreme Court applied *Special Prosecutors* in *Ketterer*, as I read the decision, it did so only in dicta. Furthermore, Ketterer is procedurally distinct from this case.

{¶25} Donald Ketterer was convicted of a number of offenses, including aggravated murder. He appealed his convictions to the Ohio Supreme Court. The Court vacated the noncapital sentences and remanded for resentencing. *Ketterer* at ¶3. After the Supreme Court's remand to the trial court, Mr. Ketterer filed a motion to withdraw his guilty plea. Id. at ¶56. The trial court denied the motion, held a new sentencing hearing, and imposed the same sentence as it ordered at the original sentencing hearing. Id. at ¶4. On appeal, Mr. Ketterer argued that the trial court erred when it denied his motion. Id. at ¶58.

{¶26} The Supreme Court began its analysis by examining the State's argument that Mr. Ketterer's motion to withdraw was barred by res judicata. Id. at ¶59. The State argued, and the Court agreed, that Mr. Ketterer raised the same attacks on his plea in his first appeal that he later

argued in his motion to withdraw. Id. The Supreme Court concluded that "res judicata was a valid basis for rejecting these claims." Id. at ¶60.

**{¶27}** Despite having decided that res judicata applied and that the trial court correctly denied the motion to withdraw, the Supreme Court also considered the State's alternative jurisdictional argument in which it invoked *Special Prosecutors* "to argue that the court lacked jurisdiction to vacate Ketterer's guilty pleas." Id. at ¶61. The Court noted that, on direct appeal, it affirmed Mr. Ketterer's convictions and death sentence, but remanded solely for resentencing on the noncapital offenses. Id. at ¶62. The Court concluded that "[u]nder the authority of *Special Prosecutors*, the [trial court] had no authority to consider Ketterer's motion to withdraw his guilty pleas, let alone grant him a new trial." Id. at ¶62. Although the Court made this observation, it had already resolved the issue on res judicata, before considering the jurisdictional argument. Thus, I believe the discussion of *Special Prosecutors* was merely dicta, meant to completely address the State's arguments. In any event, Mr. Ketterer appealed his conviction and challenged the validity of his guilty plea on direct appeal, which distinguishes Mr. Ketterer's case from Mr. Molnar's. This significant procedural difference should take Mr. Molnar's case beyond the holding of *Ketterer*.

**A Crim.R. 32.1 motion is a separate remedy bearing no time limitations**

**{¶28}** The Ohio Supreme Court has held that a Crim.R. 32.1 motion is a separate and alternative legal remedy. *Bush* at ¶ 11 ("We have continued to recognize a Crim.R. 32.1 postsentence motion to withdraw a guilty plea as a distinct avenue for relief.") In *Bush*, the Court considered the appeals of two defendants who had filed postsentence motions to withdraw their pleas. One motion to withdraw was filed three years after the plea, the other motion was filed ten years after the plea. The trial courts in both cases denied the motions because it

considered them as untimely motions for post-conviction relief and the court of appeals affirmed both cases.

{¶29} The Ohio Supreme Court reversed and rejected the notion that a post-sentence Crim.R. 32.1 motion to withdraw a plea was tantamount to a motion for postconviction relief. In reaching this conclusion, the *Bush* court emphasized that a Crim.R. 32.1 motion is a separate and alternative remedy. The Court reasoned that a postsentence Crim.R. 32.1 motion is not a collateral challenge to the validity of the conviction or sentence, rather, it is filed in the underlying case and targets the withdrawal of the plea, not the conviction or sentence. Id. at ¶13. As a Crim.R. 32.1 motion is a separate remedy, a trial court possesses jurisdiction to consider in the first instance, a motion to withdraw a plea.

{¶30} The holding in *Special Prosecutors* only applies if an appellate court has already considered and decided the issue. In this case, although Mr. Molnar appealed following his conviction, he did not challenge any aspect of his plea. When this Court decided his first appeal, it did so in the context of the assignments of error he raised. As emphasized in *Bush*, Mr. Molnar's challenge to his plea is not a collateral attack on his sentence and conviction, rather it is raised as a challenge to his plea. Since Mr. Molnar did not challenge any aspect of his plea in his direct appeal, I would hold that *Special Prosecutors* does not apply to this case given that the trial court would not be reaching a result contrary to the result reached by this Court in his direct appeal.

{¶31} The practical implication of this Court's decision is to establish a limited time frame within which to file a postsentence motion to withdraw a plea and to make an arbitary distinction between those who file appeals and those who do not. In applying *Special Prosecutors* to this situation, a defendant directly appealing his conviction is effectively

foreclosed from employing the Crim.R. 32.1 remedy unless he seeks to withdraw his plea almost immediately after sentencing—a result that runs counter to the principles expressed in *Bush* and the express language of Crim.R. 32.1. The Supreme Court has gone so far as to acknowledge that a defendant could withdraw his plea even after he has completed his sentence, if he can meet the manifest injustice standard. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, ¶37. As noted in *Bush*, the Rule does not establish any time limit for filing a motion to withdraw. The only reference to time in the Rule relates to whether the motion is filed before sentence or after sentence.

{¶32} The Supreme Court recognized this in *Bush*, where it held that the time limits from the postconviction relief statutes did not apply to Crim.R. 32.1. *Bush* at ¶14. Notably, in *Bush,* the two defendants filed their motions to withdraw their pleas many years after the judgment of conviction had been entered and well after the time for appeal had passed.

{¶33} The current application of *Special Prosecutors* also permits those who have not appealed their conviction and sentence to avail themselves of the Crim.R. 32.1 remedy while it forecloses that remedy to those who have appealed their conviction and sentence. A defendant who has entered a plea and been sentenced may file a postsentence motion to withdraw the plea any time after sentencing – unless the defendant has exercised his right to appeal. If the court of appeals has affirmed, then the trial court is deprived of jurisdiction to consider the defendant's motion to withdraw the plea even if the defendant did not challenge his plea on appeal. This application of *Special Prosecutors* is inconsistent with *Bush*.

### *Special Prosecutors* **has been applied even more broadly**

{¶34} The reach of *Special Prosecutors* continues to expand. Courts have applied it to hold that a trial court has been deprived of jurisdiction to consider a postsentence motion to

withdraw a guilty plea, as was done in this case. In *State v. Davis*, Fifth Dist. No. 09-CA-0019, 2009-Ohio-5175, a case now before the Ohio Supreme Court, the Fifth District has expanded its reach further. It applied *Special Prosecutors* to a motion for a new trial, holding that a trial court is deprived of jurisdiction to consider a Crim.R. 33 motion for new trial after the judgment has been affirmed on appeal. *Davis* at ¶12. In my view, these issues turn upon how broadly one interprets what is within the "compass" of an appellate court's judgment. Thus, the very fact that a matter was affirmed on appeal may be taken to suggest that a trial court may not consider *any* matter because to do so would undermine the affirmance of the appellate court, irrespective of whether the matter is actually an independent remedy and irrespective of whether the matter was actually considered and decided by the appellate court. In my view, the Ohio Supreme Court did not intend the reach of *Special Prosecutors* to foreclose distinct avenues of relief that were not previously considered and decided by an appellate court.

### Res Judicata

{¶35} This Court also concludes that Mr. Molnar's motion to withdraw his plea is barred under principles of *res judicata*, reasoning that this is "Mr. Molnar's second appeal from the same conviction." However, this premise ignores the legal distinction between a direct appeal challenging a conviction and sentence and the Crim.R. 32.1 remedy which is not a collateral attack upon the conviction and sentence. *Bush* at ¶ 13. This is Mr. Molnar's first appeal from his Crim.R. 32. 1 motion to withdraw his plea.

{¶36} Although at first glance, it may appear that *Ketterer* applies to this case, it does not. The *Ketterer* Court did apply *res judicata* to bar Mr. Ketterer from raising the same arguments concerning his plea that he had raised in his first appeal. That is not the situation in this case.

**Conclusion**

{¶37} A convicted defendant has a limited number of means available to challenge his conviction. He can appeal his conviction to raise errors that appear on the record and seek postconviction relief when alleged errors are outside the record. A defendant could, until recently, also move to withdraw a plea, in addition to exercising the constitutional right to appeal. These remedies serve important purposes that are different from a direct appeal. *Special Prosecutors* and *Ketterer* have been applied to prevent a trial court from considering a defendant's motion to withdraw a guilty plea that has never been raised or considered by an appellate court. This artificial limit, in the form of a jurisdictional bar, is imposed upon defendant who has exercised a constitutional right to appeal his conviction and sentence but never challenged his plea nor availed himself of the Crim.R. 32.1 remedy. I would consider Mr. Molnar's appeal from the denial of the motion to vacate his plea on its merits because pursuant to Crim.R. 32.1, Mr. Molnar was not foreclosed from filing the motion, the trial court had jurisdiction to consider his motion on its merits, and res judicata did not preclude consideration of his motion. Accordingly, I concur in the judgment only.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.