[Cite as *State v. Greene*, 2012-Ohio-791.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROLAND L. GREENE

    Appellant

C.A. No.    25773

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2003-06-1859(B)

DECISION AND JOURNAL ENTRY

Dated: February 29, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}   Roland Greene pleaded guilty to five counts of aggravated robbery and two firearm specifications, and the trial court sentenced him to 15 years in prison. In January 2010, the court resentenced Mr. Greene because it had failed to correctly impose post-release control. Mr. Greene appealed, but this Court dismissed the appeal because Mr. Greene did not pay or request a waiver of the deposit required under our local rules. In August 2010, Mr. Greene moved to withdraw his guilty plea, arguing that he did not know that post-release control would be part of his sentence before entering his plea. The trial court denied Mr. Greene's motion without holding a hearing. Mr. Greene has appealed, arguing that the trial court incorrectly denied his motion to withdraw his guilty plea without allowing him a hearing. We affirm because the argument Mr. Greene made in his motion to withdraw was barred under the doctrine of res judicata.

## RES JUDICATA

{¶2} Mr. Greene's assignment of error is that the trial court incorrectly denied him a hearing on his motion to withdraw his guilty plea. In his motion, Mr. Greene asserted that, before he entered his plea, he reached an agreement with the prosecutor that his sentence would be 15 years. He also asserted that he did not know that, in addition to the prison term, his sentence would include a mandatory five-year term of post-release control. According to Mr. Greene, the post-release control term effectively lengthened his sentence to 20 years, in violation of the plea agreement. He, therefore, argued that he should be allowed to withdraw his plea.

{¶3} Mr. Greene's argument was barred by the doctrine of res judicata. The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St. 3d 448, 2010–Ohio–3831, ¶ 59 (citing *State v. Perry*, 10 Ohio St. 2d 175, paragraph nine of the syllabus (1967)). The bar extends to claims made in support of a motion to withdraw plea under Rule 32.1 of the Ohio Rules of Criminal Procedure. *Id.* at ¶ 59-60; *State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, at ¶ 9.

{¶4} In its original sentencing entry, the trial court wrote that, "[a]fter release from prison, [Mr. Greene] is ordered subject to post-release control to the extent the parole board may determine as provided by law." Mr. Greene, therefore, knew or should have known at that time that his sentence included more than just his 15-year prison term. He could have appealed the trial court's judgment and argued that the imposition of a sentence that included post-release control violated his plea agreement, but did not. Furthermore, in January 2010, the trial court resentenced Mr. Greene to correctly impose post-release control. In its corrected sentencing entry, the court explicitly told Mr. Greene that, "[u]pon release from prison [he] is ordered

subject to five (5) years of mandatory post-release control." Once again, Mr. Greene failed to properly appeal the court's judgment.

{¶5} Res judicata bars not only claims that were raised in a previous appeal, but also those that could have been raised. *State v. Ketterer*, 126 Ohio St. 3d 448, 2010–Ohio–3831, ¶ 59. Accordingly, the fact that Mr. Greene failed to properly appeal his original or corrected sentence does not prevent the application of the doctrine of res judicata to his motion to withdraw his guilty plea. *State v. Thomas*, 9th Dist. No. 25590, 2011-Ohio-4226, at ¶ 5; *State v. Rexroad*, 9th Dist. No. 22214, 2004–Ohio–6271, at ¶ 8) ("That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata.").

{¶6} Because the argument Mr. Greene made in support of his motion to withdraw his guilty plea was barred under the doctrine of res judicata, it was appropriate for the trial court to deny the motion without holding a hearing. *State v. Seals*, 8th Dist. No. 93198, 2010-Ohio-1980, at ¶ 12; *State v. McFarland*, 7th Dist. No. 08 JE 25, 2009-Ohio-4391, at ¶ 23; *State v. Roberson*, 5th Dist. No. 2003CA00227, 2004-Ohio-695, at ¶17; *State v. Vincent*, 4th Dist. No. 03CA2713, 2003-Ohio-3998, at ¶ 12. Mr. Greene's assignment of error is overruled.

## CONCLUSION

{¶7} The trial court did not have to hold a hearing on Mr. Greene's post-sentence motion to withdraw his guilty plea because his argument was barred by res judicata. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

MOORE, P.J.
CONCURS

BELFANCE, J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶9} While I do not agree with the analysis of the majority, *see State v. Molnar,* 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 16-37 (Belfance, J., concurring in judgment only), I concur in its judgment. The trial court did not err in denying Mr. Greene's

motion to withdraw his plea without holding a hearing, as Mr. Greene did not submit sufficient evidentiary materials in support of his motion.


APPEARANCES:

MARTHA HOM, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.