[Cite as *State v. Wilson*, 2012-Ohio-2890.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    26238 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| DONTE L. WILSON | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2010-09-2537 |

DECISION AND JOURNAL ENTRY

Dated: June 27, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Donte Wilson, appeals from his conviction in the Summit County Court of Common Pleas. This Court dismisses for lack of jurisdiction.

I

{¶2} On December 16, 2010, Wilson pleaded guilty to failure to notify of a change of address, in violation of R.C. 2950.05. On February 1, 2011, the court journalized its entry sentencing Wilson to a four year prison term, which it suspended, and two years of community control. In August 2011, Wilson was charged with violating his community control. Before the violation hearing was held, Wilson filed a motion to withdraw his December 2010 guilty plea and to dismiss his indictment. On November 7, 2011, the court denied his motions. Wilson did not appeal. On November 29, 2011, Wilson pleaded no contest to the community control violation, and the court found him guilty. On December 28, 2011, Wilson filed his notice of appeal. He raises one assignment of error for our review.

II

Assignment of Error

THE COURT ERRORED (sic) WHEN IT DENIED DEFENDANT'S MOTION
TO WITHDRAW HIS GUILTY PLEA[.]

{¶3} In his sole assignment of error, Wilson argues that the court erred in denying his motion to withdraw his guilty plea. We do not reach the merits of Wilson's assignment of error because his appeal is untimely.

{¶4} The trial court denied Wilson's motion to withdraw his guilty plea on November 7, 2011. That denial was a final appealable order. *State v. Kerns*, 9th Dist. No. 11CA0051-M, 2011-Ohio-6788, ¶ 7; *State v. Damron*, 4th Dist. No. 10CA3375, 2011-Ohio-165, ¶ 7; *State v. Kramer*, 10th Dist. No. 03AP-633, 2004-Ohio-2646, ¶ 8.

{¶5} Wilson had 30 days after November 7, 2011, to file his notice of appeal. *See* App.R. 4(A). Wilson, however, did not file his notice of appeal until December 28, 2011. Because Wilson's notice is untimely, this Court does not have jurisdiction to hear the appeal.

III

{¶6} Wilson's appeal is dismissed as untimely.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

 Costs taxed to Appellant.

                _____
                BETH WHITMORE
                FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR

APPEARANCES:

RHONDA L. KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.