[Cite as *State v. Wilson*, 2013-Ohio-1529.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: )  | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | C.A. No. 26511 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONTE WILSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2010-09-2537 |

DECISION AND JOURNAL ENTRY

Dated: April 17, 2013

MOORE, Presiding Judge.

{¶1} Defendant, Donte Wilson, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 1999, Mr. Wilson pleaded guilty to robbery and attempted rape. The trial court sentenced him to eight years of incarceration. Based upon the nature of his convictions, Ohio's reporting requirements obliged him to register his address with the county sheriff for ten years after his release from prison.

{¶3} On September 28, 2010, the Summit County Grand Jury indicted Mr. Wilson for failing to give notice of a change of address in violation of R.C. 2950.05. The indictment charged the offense as a second degree felony pursuant to R.C. 2950.99. On December 16, 2010, Mr. Wilson pleaded guilty, and the trial court sentenced him to four years in prison, suspending

the sentence pending completion of two years of community control. Mr. Wilson did not appeal from this conviction.

{¶4} Thereafter, Mr. Wilson was charged with violating the terms of his community control. While those proceedings were pending, Mr. Wilson filed a motion to withdraw the guilty plea that he had entered relative to the 2010 charge. The trial court denied Mr. Wilson's motion in a journal entry dated November 7, 2011. On December 28, 2011, Mr. Wilson attempted to appeal from the November 7, 2011 entry denying his postsentence motion to withdraw his guilty plea. We dismissed the attempted appeal as untimely. *State v. Wilson*, 9th Dist. No. 26238, 2012-Ohio-2890. Thereafter, Mr. Wilson moved to file a delayed appeal from the November 7, 2011 entry, and we granted his motion. Mr. Wilson now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE COURT ERR[]ED WHEN IT DENIED [MR. WILSON]'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶5} In his sole assignment of error, Mr. Wilson argues that the trial court erred by denying his postsentence motion to withdraw his guilty plea. We disagree.

{¶6} In his motion to withdraw his guilty plea, Mr. Wilson argued that the trial court improperly convicted him of a second degree felony for his failure to report his new address. In support, Mr. Wilson cites changes to R.C. Chapter 2950 that occurred after his 1999 conviction. He contends that, because he was subject to the notification requirements in place at the time of his conviction under Megan's Law, he should also be subject to the penalty provisions in place at the time of Megan's Law. *See* former R.C. 2950.05, and former R.C. 2950.99. He maintains that he was charged and convicted of a second degree felony pursuant to the penalty provisions

in place at the time of his conviction, which apply to violations of the current registration requirements under the Adam Walsh Act. *See* R.C. 2950.05 and R.C. 2950.99. Mr. Wilson maintains that he did not knowingly, voluntarily, or intelligently enter his guilty plea because he should have been subjected to the penalty provisions in place at the time of Megan's Law instead of those which correspond to the Adam Walsh Act.

{¶7} We conclude that Mr. Wilson's arguments are barred by res judicata:

> It is well established law in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). "This prohibition extends to claims made in support of motions to withdraw a plea." *State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 9, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.

*State v. Abuhilwa*, 9th Dist. No. 26183, 2012-Ohio-3441, ¶ 13. *See also State v. Gorospe*, 9th Dist. Nos. 25551, 25552, 2011-Ohio-3291, ¶ 9 (res judicata bars motion to withdraw plea based on errors apparent on face of the record); *State v. Brody*, 11th Dist. No. 2012-L-050, 2012-L-051, 2012-L-052, 2013-Ohio-340, ¶ 18 (arguments raised in postsentence motion to withdraw plea which are based on information available to appellant at the time of direct appeal are barred by res judicata). Mr. Wilson's argument that his plea was unknowingly, involuntarily, and unintelligently entered because he was subjected to the incorrect penalty provisions could have been raised on direct appeal. Mr. Wilson failed to file an appeal from his 2010 conviction. Accordingly, his argument is barred by res judicata.

III.

{¶8} Mr. Wilson's assignment of error is overruled. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

CARLA MOORE
FOR THE COURT

 

 

CARR, J.
CONCURS.

BELFANCE, J.
DISSENTING.

{¶9} I respectfully dissent from the judgment of the majority. Mr. Wilson never raised the validity of his plea on appeal. For the reasons I articulated in *State v. Molnar,* 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 16-37 (Belfance, J., concurring in judgment only), I would conclude that res judicata does not bar Mr. Wilson's arguments. *See also State v. Greene,* 9th Dist. No.

25773, 2012-Ohio-791, ¶ 8 (Belfance, J., concurring in judgment only). Further, because two cases relevant to the trial court's legal analysis, *State v. Howard,* 134 Ohio St.3d 467, 2012-Ohio-5738, and *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, were decided by the Ohio Supreme Court subsequent to the trial court's decision, I would reverse the decision of the trial court and remand the matter so that the trial court could consider the matter in light of the new case law. Given that trial courts possess discretion in ruling on post-sentence motions to withdraw pleas, *see, e.g., State v. Romero,* 9th Dist. No. 25420, 2011-Ohio-1051, ¶ 6, the trial court should evaluate the merits of Mr. Wilson's motion in the first instance.

APPEARANCES:

RHONDA L. KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.