[Cite as *State v. Sebestyen*, 2013-Ohio-2606.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 12CA0055-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIBOR C. SEBESTYEN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 08CR0315 |

DECISION AND JOURNAL ENTRY

Dated: June 24, 2013

CARR, Judge.

{¶1} Appellant, Tibor Sebestyen, appeals the judgment of the Medina County Court of Common Pleas denying his motion to withdraw his plea. This Court affirms.

I.

{¶2} On August 13, 2008, the Medina County Grand Jury returned an indictment charging Sebestyen with one count of rape of a minor under the age of ten. On October 8, 2008, the grand jury returned a supplemental indictment charging Sebestyen with 69 additional offenses, including 21 counts of rape, one count of gross sexual imposition, and 47 counts of pandering obscenity of a minor.

{¶3} After initially pleading not guilty to the charges, Sebestyen appeared in court with his attorney on January 9, 2009, for a change of plea hearing. The State dismissed the count of rape of a minor under the age of ten set forth in count one of the indictment. Sebestyen pleaded guilty to the remaining 69 counts in the indictment, and the trial court accepted his guilty pleas.

Sebestyen was sentenced to 55 years to life imprisonment, and classified as a Tier III sex offender. The trial court issued its sentencing entry on March 30, 2009. Sebestyen did not file a timely appeal.

{¶4} More than two years later, on December 19, 2011, Sebestyen filed a motion to withdraw his plea. The State did not file a response to the motion. The trial court subsequently issued a journal entry denying the motion on June 1, 2012. Sebestyen filed a notice of appeal on June 18, 2012.

{¶5} We note that on July 5, 2012, after Sebestyen had filed his notice of appeal from the trial court's denial of his motion to withdraw his plea, he also filed a motion for leave to a file a delayed appeal from the original sentencing entry issued on March 30, 2009. This court issued a journal entry dismissing the appeal on July 20, 2012, concluding that Sebestyen had provided insufficient reasons to justify the three-year delay.

{¶6} In the instant appeal relating to the trial court's denial of the motion to withdraw his pleas, Sebestyen raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE COURT ERRED BY NOT HAVING A FULL EVIDENTIARY HEARING ON THE MOTION TO WITHDRAW THE PLEA.

**ASSIGNMENT OF ERROR II**

THE COURT ERRED IN NOT GRANTING MR. SEBESTYEN'S MOTION TO WITHDRAW HIS PLEA.

{¶7} In his first assignment of error, Sebestyen argues that the trial court erred by not holding an evidentiary hearing prior to denying his motion to withdraw his plea. In his second assignment of error, Sebestyen argues that the trial court erred in denying his motion. This Court disagrees with both arguments.

{¶8}     Sebestyen argues that he was not advised of the consequences of pleading guilty, and that he was not properly advised of the elements necessary to convict him of rape. Sebestyen cites to several portions of the plea hearing transcript, and argues that it is likely he was confused regarding whether he could be sentenced to consecutive terms, as well as how consecutive terms would impact parole eligibility. Sebestyen further argues that he was not competent to enter a plea at the time of his plea colloquy. Sebestyen asserted that under these circumstances, his plea was not knowingly, intelligently, and voluntarily entered.

{¶9}     Sebestyen's argument is barred under the doctrine of res judicata. The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine of res judicata "extends to claims made in support of a motion to withdraw a plea under Crim.R. 32.1." *State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 9; *see also Ketterer* at ¶ 59-60. Thus, the fact that Sebestyen failed to file a direct appeal does not prevent the application of the doctrine of res judicata to his motion to withdraw his plea. *See State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, ¶ 8 ("That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata."); *State v. Rhoten*, 9th Dist. No. 24487, 2009-Ohio-3362, ¶ 5-7 (applying res judicata where defendant could have argued in his direct appeal that the trial court failed to comply with Crim.R. 11 when accepting his plea).

{¶10}    Sebestyen's argument in support of his motion to withdraw could have been made on direct appeal. Nevertheless, Sebestyen did not file a timely direct appeal, and in fact waited until after his motion to withdraw had been denied before attempting to file a delayed appeal

from the original sentencing entry. Because the argument Sebestyen made in support of his motion to withdraw his guilty plea was barred under the doctrine of res judicata, it was proper for the trial court to deny his motion without holding a hearing. *Ketterer* at ¶ 59; *Rexroad* at ¶ 8.

{¶11} Sebestyen's assignments of error are overruled.

### III.

{¶12} Sebestyen's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶13} I concur in the majority's judgment because Mr. Sebestyen did not submit sufficient evidentiary materials in support of his motion to withdraw his plea. *See State v. McKinney*, 9th Dist. No. 06CA0031-M, 2006-Ohio-5364, ¶ 12 ("[A]n evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.") (Internal quotations and citation omitted.). However, I disagree with the majority's application of res judicata in this case for the reasons set forth in my separate opinion in *State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 16-37 (Belfance, J., concurring in judgment only).

<u>APPEARANCES:</u>

SEAN BUCHANAN, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.