DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Walter John Westfall, appeals from the order of the Summit County Court of Common Pleas, which denied his motion to withdraw his guilty plea. This Court affirms.
 I. {¶ 2} Appellant was indicted on six counts of rape and eight counts of gross sexual imposition. Appellant initially entered pleas of not guilty to all counts. On February 27, 2004, pursuant to plea negotiations, appellant retracted his pleas of not guilty and entered pleas of guilty to rape, as contained in amended counts 8 and 10 of the indictment,[1] and to gross sexual imposition, as contained in count 14 of supplement one to the indictment. Upon recommendation of the prosecutor, the trial court dismissed the remaining four counts of rape and seven counts of gross sexual imposition.
 {¶ 3} Prior to accepting appellant's guilty pleas, the trial court engaged in colloquy with appellant, wherein appellant asserted he understood the possible penalties associated with each count. The trial court further explained to appellant that, by entering guilty pleas, he would be giving up certain rights, including the right to trial. Appellant asserted his understanding and entered his guilty pleas. The trial court accepted appellant's guilty pleas upon a finding that they were knowingly and intelligently made. The trial court then proceeded to sentence appellant to ten years on each count of rape, to be served concurrently, and to five years on the count of gross sexual imposition, to be served consecutively, for a total of fifteen years in prison. Appellant did not appeal this sentence.
 {¶ 4} Upon request of defense counsel, the trial court continued appellant's sexual classification hearing until March 12, 2004.[2] On that date, appellant, through counsel, orally moved to withdraw his guilty pleas and schedule the matter for trial for the reason that appellant was "confused" at the time he entered his guilty pleas. Defense counsel informed the court that appellant had been placed in the jail psychiatric pod following his plea. Upon inquiry by the court, defense counsel conceded that he had spent a "significant amount of time" discussing the nature of the plea agreement with appellant prior to his entering his guilty pleas. The trial court did not separately question appellant in regard to his motion.
 {¶ 5} The trial court denied appellant's motion to withdraw his guilty pleas, finding that appellant merely did not like the sentence negotiated. The trial court further noted that appellant would have faced far greater sanctions, had he taken his case to trial.
 {¶ 6} The trial court then proceeded with the sexual classification hearing. Upon appellant's stipulation to facts presented at an earlier hearing, the trial court found appellant to be a sexual predator.
 {¶ 7} Appellant timely appealed the trial court's denial of his motion to withdraw his guilty pleas. Appellant sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The Trial Court Erred in Denying Appellant's Motion to Withdraw his Guilty Pleas."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court abused its discretion in denying appellant's post-sentencing motion to withdraw his guilty pleas for two reasons: (1) because the trial court failed to question appellant personally in regard to his motion to withdraw his guilty pleas; and (2) because the trial court failed to advise appellant that, by entering guilty pleas, he would be waiving his right to a jury trial. This Court disagrees.
 {¶ 9} There is no merit to appellant's assertion that the trial court erred in denying appellant's motion to withdraw his guilty pleas without first engaging in colloquy with appellant personally. Appellant was represented by presumably competent counsel, who orally moved the trial court for an order permitting appellant to withdraw his guilty pleas. The trial court questioned appellant's counsel regarding the basis for appellant's motion. A party who is represented by counsel generally speaks through his counsel for the reason that counsel is better posited to understand the relevant legal issues and present a legally sound argument to the court. Peroz v. Nagel, 9th Dist. No. 21437, 2003-Ohio-6584, at ¶ 10.
 {¶ 10} Further, unlike Crim.R. 11(C)(2), which mandates that the trial court address the defendant personally before accepting a guilty plea, there is no such mandate in regard to a motion to withdraw a guilty plea. Crim.R. 32.1 merely states:
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} Under the circumstances, where appellant was represented by counsel who was questioned by the court in regard to appellant's motion to withdraw his guilty pleas, this Court finds no error in the trial court's failure to question appellant personally regarding the basis of his motion.
 {¶ 12} Appellant next argues that the trial court abused its discretion in denying appellant's motion to withdraw his guilty pleas; because the trial court failed to inform appellant that, by pleading guilty, he would be waiving his right to trial by jury.
 {¶ 13} Because appellant asserted to the trial court only confusion and his placement in the jail's psychiatric pod after entering his pleas as grounds for withdrawing his pleas, he has waived any other arguments.State v. Widman (May 16, 2001), 9th Dist. No. 00CA007681, citing Schadev. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Therefore, this Court need not address the merits of this argument, because appellant's argument is deemed to have been waived. Consequently, appellant's sole assignment of error is overruled.
 III. {¶ 14} The order of the Summit County Court of Common Pleas denying appellant's motion to withdraw his guilty pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J., Concur.
[1] The state amended the counts of rape, charged in counts 8 and 10 of the indictment, to delete reference to the victim being less than ten years of age at the time of the offense. The effect of such amendment foreclosed the possibility of imposition of a life sentence on those counts. The amended counts of rape were then each punishable by three to ten years in prison.
[2] Defense counsel requested a continuance of the sexual classification hearing to allow him time to research the application of juvenile sexual offender issues, as the victims in this case were juveniles.