DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Joshua Holmes, appeals from the judgment of the Summit County Court of Common Pleas which suspended his driving privileges for three years. This Court affirms.
 I. {¶ 2} On September 26, 2005, Appellant pled guilty to resisting arrest in violation of R.C. 2921.33(A) and pled no contest to failure to comply with the order or signal of a police officer in violation of R.C. 2921.331. Appellant was sentenced to 180 days in jail and his driver's license was suspended for three years. Appellant timely appealed his sentence, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"R.C. 2921.331 IS UNCONSTITUTIONAL, AS IT VIOLATES THE PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT GUARANTEED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND BY SECTION NINE, ARTICLE ONE OF THE OHIO CONSTITUTION."
 {¶ 3} In his sole assignment of error, Appellant contends that the sentence he received in the trial court constitutes cruel and unusual punishment. We disagree.
 {¶ 4} We begin by noting that it is doubtful that Appellant preserved his challenge for appeal. It is well established that "an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass." State v. Long (1978),53 Ohio St.2d 91, 95. In the instant matter, Appellant did not challenge the constitutionality of R.C. 2921.331. Instead, he informed the trial court that he would be challenging the constitutionality of his sentence for the first time on appeal. At the plea hearing, Appellant's counsel stated as follows:
"It is our desire to appeal those decisions. [Appellant] will appeal those in a pro se capacity on the basis we believe it's unconstitutional punishment; three years is overly burdensome for the crime alleged here."
 {¶ 5} Assuming arguendo, however, that Appellant's statement above preserved the issue for appellate review, his claim still must fail.
 {¶ 6} The Ohio Supreme Court, in reviewing the prohibitions against cruel and unusual punishment contained in the federal and Ohio constitutions, has determined that "cases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." State v.Weitbrecht (1999), 86 Ohio St.3d 368, 371, quoting McDougle v.Maxwell (1964), 1 Ohio St.2d 68, 70. See, also, State v.Zudell (July 26, 2000), 9th Dist. No. 99CA007477. In addition, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." Weitbrecht,86 Ohio St.3d at 371, quoting McDougle, 1 Ohio St.2d at 70. The United States Supreme Court has noted "that, outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare[.]" (Emphasis, alterations, and internal quotations omitted.) Solem v. Helm (1983), 463 U.S. 277, 289-90.
 {¶ 7} In the instant matter, Appellant pled no contest to the charge of failure to comply with the order or signal of a police officer. As a result, R.C. 2921.331 and R.C. 4510.02 required that the trial court suspend Appellant's driver's license for a period of at least three years. Pursuant to R.C. 4510.02(A)(2), the trial court had the discretion to impose a lifetime suspension, but instead imposed the minimum suspension authorized. Despite such a fact, Appellant claims that a three-year suspension is greatly disproportionate to the crime. This Court disagrees.
 {¶ 8} Upon review, we find nothing disproportionate about the sentence Appellant received. The trial court imposed the minimum suspension available under R.C. 2921.331. Further, this Court has upheld statutes similar statutes which mandate license suspensions, finding that such provisions do not violate theEighth Amendment. See Akron v. Wait (Feb. 14, 1996), 9th Dist. No. 17373, at *2. In the instant matter, Appellant refused to stop his vehicle despite orders to do so by a police officer. Consistent with this Court's related precedent, we find that a three-year license suspension for such open defiance of law enforcement officials does not "shock the sense of justice of the community." Weibrecht, supra. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 9} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Boyle, P.J., Milligan, J., concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Milligan, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)