[Cite as *State v. Westfall*, 2011-Ohio-6248.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    25637 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WALTER JOHN WESTFALL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 03 09 2999 |

DECISION AND JOURNAL ENTRY

Dated: December 7, 2011

BELFANCE, Presiding Judge.

{¶1}   Walter Westfall appeals the trial court's denial of his motion to withdraw his guilty pleas.  For the reasons set forth below, we affirm.

I.

{¶2}   Mr. Westfall pleaded guilty to two counts of rape and one count of gross sexual imposition on February 27, 2004. *State v. Westfall*, 9th Dist. No. 22048, 2004-Ohio-7172, at ¶2. The trial court proceeded to sentence Mr. Westfall to ten years imprisonment for each count of rape, to be served concurrently, and to five years imprisonment for gross sexual imposition, to be served consecutively to the prison terms for rape.  Id. at ¶3.  Mr. Westfall did not appeal his sentence.  Id.

{¶3}   On March 12, 2004, the trial court held a sexual classification hearing.  Id. at ¶4. At that hearing, Mr. Westfall, alleging that he had been confused when he pleaded guilty, orally moved to withdraw his guilty pleas.  Id.  The trial court, finding that Mr. Westfall was merely dissatisfied with his sentence, denied his motion.  Id. at ¶5.  Mr. Westfall appealed the denial of his motion, but this Court affirmed.  Id. at ¶14.

{¶4}   In April 2010, Mr. Westfall moved the trial court for resentencing on the basis that it had failed to properly impose post-release control.  He also filed a motion to withdraw his guilty plea.  The trial court denied his motion to withdraw and subsequently resentenced him. Mr. Westfall has appealed, raising three assignments of error.   We have rearranged his assignments of error for ease of discussion.

## II.

### ASSIGNMENT OF ERROR I

"THE TRIAL [COURT] COMMITTED PLAIN ERROR IN ACCEPTING APPELLANT'S GUILTY PLEAS WITHOUT FOLLOWING THE CONSTITUTIONAL MANDATE OF INFORMING HIM THAT HE WOULD BE WAIVING THE RIGHTS TO A JURY TRIAL."

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN EFFECTIVELY DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS ON THE BASIS OF RES JUDICATA, AND IN FAILING TO RULE ON THE MERITS OF THE EVIDENCE PRESENTED AT THE HEARING ON THE MOTION."

{¶5}   Mr. Westfall argues that, because his sentence was void, the trial court's 2004 denial of his motion to withdraw his pleas was void, and, by extension, he implicitly argues that this Court's decision affirming the trial court's 2004 denial is also void.  Thus, according to Mr. Westfall, he may again argue that he did not make his pleas knowingly, intelligently, and

voluntarily because the trial court informed him that he was waiving his right to trial as opposed to a jury trial. We disagree.

{¶6} Subsequent to Mr. Westfall's submission of his brief, the Supreme Court of Ohio released *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that, if a trial court improperly imposed post-release control, only the post-release control portion of the defendant's sentence is void. *Fischer* at ¶26. Accordingly, to the extent that Mr. Westfall's 2004 sentence failed to properly impose post-release control, only that portion of his sentence was void, not the sentence in its entirety, and, therefore, "res judicata still applies to other aspects of the merits of [Mr. Westfall's] conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at ¶40. See, also, *State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, at ¶¶10-11 (noting that jurisdictional questions are also presented in light of *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94).

{¶7} Thus, the trial court correctly denied Mr. Westfall's motion. His first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

"APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."

{¶8} In Mr. Westfall's third assignment of error, he argues that his trial counsel for his hearing on his motion to withdraw and his resentencing hearing was ineffective for failing to preserve his first two assignments of error. In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been

different." *State v. Mundt,* 115 Ohio St.3d 22, 2007–Ohio–4836, at ¶62, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687–688, 694. However, as discussed above, the trial court correctly denied Mr. Westfall's 2010 motion to withdraw his guilty pleas. In the absence of any legal error, Mr. Westfall cannot demonstrate that his counsel's performance was deficient or that he was prejudiced.

{¶9} Mr. Westfall's third assignment of error is overruled.

### III.

{¶10} Mr. Westfall's assignments of error are overruled. However, we note that, in light of *Fischer*, only the post-release control portion of Mr. Westfall's sentence was void, and, therefore, to the extent that the trial court attempted to resentence him in addition to correcting the imposition of post-release control, its judgment is vacated and its original sentencing entry remains in effect. See *State v. Woods*, 9th Dist. No. 25236, 2011-Ohio-562, at ¶10. The judgment of the Summit County Court of Common Pleas is affirmed in part and vacated in part.

Judgment affirmed in part,
and vacated in part.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES:</u>

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.