[Cite as *State v. Greenleaf*, 2012-Ohio-686.]

STATE OF OHIO )                    IN THE COURT OF APPEALS
                        )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO                           C.A. No.      25848

    Appellee

    v.                                 APPEAL FROM JUDGMENT
                                        ENTERED IN THE
KENNETH O. GREENLEAF                     COURT OF COMMON PLEAS
                                        COUNTY OF SUMMIT, OHIO
    Appellant                          CASE No.      CR 2001-10-2563

DECISION AND JOURNAL ENTRY

Dated: February 22, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}   Kenneth Greenleaf pleaded guilty to unlawful sexual conduct with a minor and rape, and the trial court sentenced him to nine years in prison. On appeal, this Court vacated his sentence. After the trial court resentenced Mr. Greenleaf, this Court remanded his case again so that the trial court could advise him of the possible penalties for violating post-release control. In July 2009, Mr. Greenleaf moved to withdraw his guilty plea and vacate his sentence. The trial court granted his motion to vacate because it had not properly imposed post-release control, but denied his motion to withdraw his guilty plea. This Court reversed, concluding that the trial court should have permitted Mr. Greenleaf to withdraw his plea as a matter of law. *State v. Greenleaf*, 9th Dist. No. 24983, 2010-Ohio-2863, at ¶ 15. On remand, the trial court determined that, despite this Court's mandate, Mr. Greenleaf did not have the right to withdraw his plea under *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, which the Ohio Supreme Court had

decided after our remand. It also denied a motion to dismiss that Mr. Greenleaf had filed after our remand. Mr. Greenleaf has appealed, arguing that the trial court incorrectly ignored this Court's mandate and incorrectly denied his motion to dismiss. We affirm because the trial court correctly concluded that, under *Fischer*, Mr. Greenleaf's motion to withdraw his plea is barred by res judicata and it correctly determined that his motion to dismiss was moot.

## VOID SENTENCE

{¶2} Mr. Greenleaf's first assignment of error is that the trial court exceeded its jurisdiction and violated the doctrines of law of the case and res judicata when it denied his motion to withdraw his guilty plea. He has argued that, because the State failed to appeal this Court's decision to the Ohio Supreme Court, the trial court was required to follow our mandate and allow him to withdraw his guilty plea.

{¶3} In *State v. Simpkins*, 117 Ohio St. 3d 420, 2008-Ohio-1197, the Ohio Supreme Court held that a sentence that does not properly impose post-release control is void and must be vacated. *Id*. at ¶ 22. It also determined that "[t]he effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." *Id*. In *State v. Boswell*, 121 Ohio St. 3d 575, 2009-Ohio-1577, the Ohio Supreme Court, relying on *Simpkins*, explained that a motion to withdraw a plea of guilty made by a defendant who has been given a void sentence must be considered as a presentence motion under Rule 32.1 of the Ohio Rules of Criminal Procedure. *Id*. at syllabus. In our last opinion regarding Mr. Greenleaf, we reasoned that, because his sentence was void, there was no final judgment of conviction and, therefore, the doctrine of res judicata could not bar his motion to withdraw his plea. *State v. Greenleaf*, 9th Dist. No. 24983, 2010-Ohio-2863, at ¶ 13. We, therefore, reached the merits of his argument and reversed the trial court's decision.

{¶4} After we remanded the case to the trial court, the Ohio Supreme Court changed its position regarding post-release control errors. In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, it determined that a sentence that does not correctly impose post-release control is not entirely void, but only the part addressing post-release control is void. *Id*. at ¶ 26. It held that "[t]he new sentencing hearing to which an offender is entitled . . . is limited to proper imposition of postrelease control." *Id*. at paragraph two of the syllabus. It also held that "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at paragraph three of the syllabus. It further held that "[t]he scope of an appeal from a resentencing hearing in which a [correct] term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Id.* at paragraph four of the syllabus.

## LAW OF THE CASE

{¶5} Mr. Greenleaf has argued that, even though *Fischer* changed the effect of a post-release control sentencing error, the trial court was required to follow this Court's mandate because the State did not appeal the decision. In *Nolan v. Nolan*, 11 Ohio St. 3d 1, syllabus (1984), the Ohio Supreme Court held that, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." According to Mr. Greenleaf, *Fischer* does not qualify as an intervening decision by the Ohio Supreme Court because it did not expressly overrule *Boswell*, which he has argued is the decision this Court relied on in our previous opinion.

{¶6} In Mr. Greenleaf's last appeal, the State argued that, even though Mr. Greenleaf's sentence was void, the doctrine of res judicata barred him from moving to withdraw his guilty

plea. We rejected its argument because we concluded that the doctrine of res judicata could not apply to a void judgment. *State v. Greenleaf*, 9th Dist. No. 24983, 2010-Ohio-2863, at ¶ 13. In *Fischer*, however, the Ohio Supreme Court specifically held that, even though a sentence that does not properly impose post-release control is void in part, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt[.]" *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraph three of the syllabus. *Fischer*, therefore, was inconsistent with our opinion. Because the doctrine of law of the case does not apply if there has been an intervening inconsistent decision by the Supreme Court, we conclude that the trial court correctly determined that it had discretion to reconsider the State's res judicata argument. *See State ex rel. Potain v. Mathews*, 59 Ohio St. 2d 29, 32 (1979) (explaining that an example of an extraordinary circumstance "would be where a holding of the Court of Appeals is inconsistent with an intervening decision by this court.").

RES JUDICATA

{¶7} The doctrine of "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that [were] raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, at ¶ 59. The bar includes "the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised . . . on appeal." *Id*. Whether the trial court properly advised Mr. Greenleaf that he had the right to a jury trial before accepting his guilty plea is an issue that Mr. Greenleaf could have raised in his first appeal to this Court. Accordingly, the trial court correctly determined that his argument is barred by the doctrine of res judicata. *See State v. Westfall*, 9th Dist. No. 25637, 2011-Ohio-6248, at ¶ 5-6.

{¶8} Mr. Greenleaf has argued that his case falls within the "injustice" exception to the doctrine of res judicata. He has noted that, in *Simpkins*, the Ohio Supreme Court explained that

"[r]es judicata is a rule of fundamental and substantial justice . . . that 'is to be applied in particular situations as fairness and justice require, and that . . . is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" *State v. Simpkins*, 117 Ohio St. 3d 420, 2008-Ohio-1197, at ¶ 25 (quoting *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 386–87 (1995)). According to Mr. Greenleaf, he should not be penalized for the fact that his court-appointed lawyers failed to recognize the defect in the plea colloquy.

{¶9} Mr. Greenleaf did not argue to the trial court that his case falls within an exception to the doctrine of res judicata. This Court has repeatedly held that it "will not consider arguments . . . that could have been, but were not, made in the trial court." *State v. McIntyre*, 9th Dist. No. 25666, 2011-Ohio-3668, at ¶ 5 (quoting *State v. Jackson*, 9th Dist. No. 96CA006355, 1997 WL 197113 at *2 (Mar. 26, 1997)); *e.g. State v. Rondon*, 9th Dist. No. 25447, 2011-Ohio-4938, at ¶ 5 (quoting *State v. Holmes*, 9th Dist. No. 22938, 2006-Ohio-2175, at ¶ 4). Furthermore, Mr. Greenleaf has admitted in his brief that he became aware that the trial court failed to tell him that he had the right to a jury trial in 2003. He did not move to withdraw his plea, however, until 2009. The Ohio Supreme Court has recognized that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Smith*, 49 Ohio St. 2d 261, paragraph three of the syllabus (1977) (construing Criminal Rule 32.1, which allows a defendant to withdraw his plea after sentencing "to correct manifest injustice."). We, therefore, reject Mr. Greenleaf's injustice argument.

**{¶10}** The trial court correctly concluded that, under *Fischer*, Mr. Greenleaf's motion to withdraw his guilty plea is barred by the doctrine of res judicata. Mr. Greenleaf's first assignment of error is overruled.

## MOTION TO DISMISS

**{¶11}** Mr. Greenleaf's second assignment of error is that the trial court incorrectly denied his motion to dismiss the indictment. After this Court remanded Mr. Greenleaf's case to the trial court with instructions to allow him to withdraw his plea, Mr. Greenleaf moved to dismiss the indictment, arguing that it would violate his right to a speedy trial for the State to bring him to trial so long after the offenses allegedly occurred. The trial court concluded that, because Mr. Greenleaf's motion to withdraw was barred under *Fischer*, his motion to dismiss, which was based on the assumption that his motion to withdraw would be granted, was moot. Mr. Greenleaf has conceded that, if we agree with the trial court's conclusion regarding *Fischer*, his second assignment of error is moot. Accordingly, his second assignment of error is overruled on that basis.

## CONCLUSION

**{¶12}** The trial court correctly concluded that, under *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, Mr. Greenleaf's motion to withdraw his guilty plea is barred by the doctrine of res judicata. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT


MOORE, P. J.
CONCURS

BELFANCE, J.
DISSENTS, SAYING:

{¶13} I respectfully dissent from the judgment of the majority.

{¶14} In *State v. Greenleaf*, 9th Dist. No. 24983, 2010-Ohio-2863, ¶ 15, this Court determined that Mr. Greenleaf was entitled to withdraw his plea because the trial court failed to inform him of his right to a jury trial at his plea hearing. As the State did not appeal our decision, our determination became law of the case. *See Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 405 (1996).

**{¶15}** The majority concludes that *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, constituted an intervening inconsistent decision creating an exception to the law-of-the-case doctrine. However, if our decision was also a final judgment, then res judicata would apply to prevent the trial court from altering our decision, *see Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 22, irrespective of whether there is an applicable exception to the law-of-the-case doctrine. Hence, the inquiry as to whether *Fischer* is an intervening inconsistent decision is irrelevant if res judicata applies. Conversely, if res judicata does not apply, then I still question whether *Fischer* is actually an intervening inconsistent decision given that *Fischer* is not a case that decided whether a plea was valid and under what circumstances a defendant had a right to withdraw his plea.

**{¶16}** In *Hopkins*, the Supreme Court of Ohio presented a detailed discussion of what constitutes an intervening decision and also discussed the distinction between res judicata and law of the case. It noted that res judicata is "a substantive rule of law that applies to a final judgment, whereas the law-of-the-case doctrine is a rule of practice analogous to estoppel." *Id.* at ¶ 22. In Mr. Greenleaf's prior appeal, this Court definitively concluded that Mr. Greenleaf's plea was invalid and that Mr. Greenleaf was entitled to withdraw it. *Greenleaf* at ¶ 15. Given that our decision was final as to this issue and the State had a right of appeal at that juncture, I believe it is reasonable to question whether res judicata barred the trial court from disregarding our mandate given the State's failure to appeal. Although the criminal matter itself was pending, there was nothing left for the court to consider with respect to our decision. In other words, we did not remand the matter for the trial court to further consider whether the plea was valid or should be withdrawn. *See, e.g., Indiana Ins. Co. v. Farmers Ins. Co. of Columbus, Inc.*, 5th Dist. No. 2004 AP 07 0055, 2005-Ohio-1774, ¶ 67 (Hoffman, J., dissenting) (noting that because issue

to be decided on remand was independent of determination of insurance coverage which was finally decided, res judicata would bar application of intervening Ohio Supreme Court decision).

{¶17} Even if res judicata did not apply in this case, in light of *Hopkins*, I am not convinced that *Fischer* constitutes an intervening decision under these facts. *Fischer* considered the consequences of the trial court's failure to properly impose post-release control in the context of the defendant's argument that his first merit appeal was invalid. *Fischer* at ¶ 2-5. The *Fischer* court went on to hold that the portion of a sentence "that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus. Notably, *Fischer* itself did not involve a motion to withdraw a plea nor consideration of whether a plea is valid, and there is no alignment of its holding to our holding in Mr. Greenleaf's 2010 appeal.

{¶18} Nonetheless, even assuming that *Fischer* constitutes an intervening inconsistent decision, and that res judicata did not apply to bar the trial court's action, I still would reverse the trial court's decision because in my view, the trial court could properly consider Mr. Greenleaf's Crim.R. 32.1 motion even if it were considered a post-sentence motion. *See State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 16-37 (Belfance, J., dissenting). Thus, I would determine that the trial court should have considered the merits of Mr. Greenleaf's motion to withdraw his plea as a post-sentence motion.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.