[Cite as *State v. Smith*, 2012-Ohio-1332.]

STATE OF OHIO           )           IN THE COURT OF APPEALS
                        )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT        )

STATE OF OHIO                        C.A. No.      25849

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
ROY SMITH JR.                        COURT OF COMMON PLEAS
                                     COUNTY OF SUMMIT, OHIO
    Appellant                        CASE No.      CR 1992-05-1279

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

MOORE, Judge.

{¶1}   Appellant, Roy Smith, Jr., appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}   In 1992, Smith was charged with aggravated robbery and aggravated murder by a four count indictment. The indictment charged Smith with two counts of aggravated murder, and each count included a firearm specification and two capital offense specifications. The indictment further charged Smith with two counts of aggravated robbery, and each count included a firearm specification.

{¶3}   After trial, the jury returned verdicts of guilty on each count and found in the negative on all firearm specifications and in the affirmative on certain capital offense specifications. In 1992, the trial court entered a journal entry merging the aggravated robbery counts, and sentencing Smith to 10 to 25 years of incarceration on the aggravated robbery

conviction and to 30 years to life on each aggravated murder conviction. The court ordered that the sentences be served consecutively. However, on July 28, 1993, the trial court purported to modify its 1992 sentencing entry to cause Smith's sentences to be served concurrently.

{¶4}  On April 5, 2010, Smith filed a motion requesting the trial court to revise the 1992 sentencing entry to comply with Crim.R. 32(C). In his motion, Smith argued that the 1992 sentencing entry incorrectly set forth that the jury returned a guilty verdict on "Specification Three to Count One." Smith further argued that the 1992 Sentencing Entry was deficient for failing to set forth that "the jury found[ ]Smith guilty of * * * Specification Two to Count Two of [the] indictment." Smith concluded that these "deficiencies" caused the 1992 sentencing entry to be noncompliant with Crim.R. 32(C).

{¶5}  However, on April 15, 2010, Smith requested the trial court to dismiss his motion because he had "just discovered that he [ ] based said [ ] motion[ ]on an irrelevant 'Sentencing Judgment.'" Without ruling on Smith's request to dismiss his motion, on February 11, 2011, the trial court issued an order denying Smith's motion to revise the 1992 sentencing entry.

{¶6}  Smith timely filed a notice of appeal and raises one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN REFUSING TO GRANT [SMITH]'S MOTION TO REVISE/CORRECT JUDGMENT ENTRY – ON RESENTENCING – SO AS TO BE IN COMPLIANCE WITH CRIMINAL RULE 32(C).

{¶7}  In his sole assignment of error, Smith contends that the trial court erred by denying his motion to revise his 1993 sentencing entry because the entry failed to comply with

the mandates of Crim.R. 32(C). We decline to address the merits of Smith's argument because his motion before the trial court failed to raise this issue.

{¶8} "It is well established that 'an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass.'" *State v. Holmes,* 9th Dist. No. 22938, 2006-Ohio-2175, ¶ 4, quoting *State v. Long*, 53 Ohio St.2d 91, 95 (1978). In the instant matter, Smith did not challenge the 1993 sentencing entry in the trial court. Instead, Smith's motion before the trial court pertained entirely to the 1992 sentencing entry. Accordingly, there is no decision by the trial court regarding Crim.R. 32(C) compliance of the 1993 sentencing entry for this Court to review. Thus, Smith's arguments pertaining to the 1993 sentencing entry are not proper subjects on this appeal. *See, e.g., State v. Smiley,* 9th Dist. No. 23815, 2008-Ohio-1915, ¶ 28.

{¶9} Moreover, on appeal, Smith references arguments made in his motion as to the 1992 sentencing entry but only insofar as the alleged "deficiencies" in the 1992 sentencing entry affected the trial court's authority to issue the 1993 sentencing entry. As Smith has not argued that the trial court erred in denying his motion to correct his 1992 sentencing entry, we overrule his assignment of error. *See State v. Taylor*, 9th Dist. No. 2783-M, 1999 WL 61619, *3 (Feb. 9, 1999) ("It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record."). *See also*, App.R. 16(A)(7); Loc.R. 7(B)(7).

{¶10} Accordingly, Smith's sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ROY SMITH, JR, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHAR S. KASAY, Assistant Prosecuting Attorney, for Appellee.