[Cite as *State v. Alston*, 2025-Ohio-1018.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-L-062 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| MICHAEL ALSTON, JR., | |
| Defendant-Appellant. | Trial Court No. 2024 CR 000150 |

**O P I N I O N**

Decided: March 24, 2025
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Allison F. Hibbard*, 4403 St Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, Michael Alston, Jr. ("appellant"), appeals from the judgment of the Lake County Court of Common Pleas sentencing him to an aggregate thirty (30) months in prison and imposing a lifetime driver's license suspension as a result of appellant's convictions of failure to comply with an order or signal of a police officer, a third-degree felony, and obstructing official business, a fifth-degree felony. Specifically, appellant asserts that the mandatory lifetime driver's license suspension, without privileges, is unconstitutional.

**{¶2}** Appellant previously pleaded guilty to failure to comply, a third-degree felony, in a separate and unrelated case in Cuyahoga County. Because appellant was convicted of a second failure to comply in the underlying case, the trial court was required to impose a mandatory lifetime driver's license suspension in accordance with R.C. 2921.331. We conclude that R.C. 2921.331 is constitutional. The punishment, a mandatory lifetime driver's license suspension upon a successive conviction of failure to comply, is not disproportionate to the offense and it does not shock the sense of justice of the community.

**{¶3}** The judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural Facts

**{¶4}** On March 18, 2024, the Lake County Grand Jury returned a two-count indictment charging appellant with failure to comply with an order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331(B) (Count 1) and obstructing official business, a fifth-degree felony, in violation of R.C.2921.31.[1] On March 22, 2024, Appellant waived his right to be present at arraignment and entered a plea of not guilty. Bond was continued at $50,000 cash or surety.

**{¶5}** On June 12, 2024, appellant appeared with counsel for a change of plea hearing. During the plea, the trial court advised appellant of the mandatory lifetime driver's license suspension. After a discussion with his trial counsel, appellant requested to enter a plea of no contest to the charges in the indictment to preserve his ability to argue the lifetime driver's license suspension on appeal.

---

1. This case was bound over from the Willoughby Municipal Court on February 6, 2024.

2

Case No. 2024-L-062

**{¶6}** Two days later, appellant again appeared with counsel for a change of plea. Appellant was advised of his constitutional rights, the maximum penalties, and consequences of his plea including the mandatory lifetime driver's license suspension.

**{¶7}** The State offered the following factual basis:

> Your Honor, if the case proceeded to trial the [S]tate would have proven beyond a reasonable doubt that on January 21st of 2024 shortly after 11:30 p.m. a Willowick police department officer was sitting at the BP gas station at East 305 Street in Willowick, Lake County, Ohio and the officer saw a dark vehicle with heavy tinted windows traveling southbound on East 305 Street. At that time the officer couldn't see a plate because it was dark and it was covered over the license plate so he couldn't read that.
>
> That vehicle stopped at a train at the East 305 Street tracks. At that time the officer was able to get close enough to see the license plate, was able to run the license plate and found out the registered owner was Mr. Michael Alston, the defendant. Mr. Alston also had an active felony warrant out of Cuyahoga County regarding drugs.
>
> Once the train passed the officer was able to conduct a traffic stop. The vehicle did stop. The driver . . . the defendant, he handed over his driver's license. He was advised of his active warrant and requested to exit the vehicle. He refused to exit the vehicle disputing his warrant and there was some back and forth, the window was rolled up back and forth and opening the door open and closed and did not follow a lawful order of the police officer.
>
> At that point shortly after that the defendant put the vehicle in drive and took off southbound on East 305 at a high rate of speed. The officer still possessed his driver's license. The officer ran back to his vehicle to pursue him with his lights and sirens. They went southbound on Rush Road from East 305 at a high rate of speed. It's a residential area, they were going at about 60 miles an hour at that time. Speeds got up to 90 miles an hour based on the patrolman's speedometer. The vehicle went through stop signs on Rush Road, went left of center and into the opposite lane of travel. There was light traffic in the area. Went westbound on Ridge Road, ran at least two red lights, was going over 100 miles an hour.

3

Case No. 2024-L-062

The officer did lose sight of the vehicle at Ridge Road and Lloyd Road. Another law enforcement agent indicated that the vehicle had turned westbound on I-90 towards Cleveland. The officer went to that area but did not locate the vehicle and ended the pursuit.

A warrant was issued on January 30th of 2024. The defendant did turn himself in at the Willowick police department where he did indicate that he had been stopped for the purpose of a warrant that he had been previously stopped for and that he did, the officer did open the door and he closed it and he did leave the scene without permission from the officer at that time. All this occurring in Lake County, Ohio. . ..

T.p. Vol. II, Plea hearing, p. 16-18.

{¶8} The written plea contained the following language: "By pleading no contest, I am not contesting the facts or circumstances surrounding the offense as outlined by the Prosecutor and/or police." It also contained the following acknowledgment: "I understand that restitution, other financial costs, and other consequences (e.g. license suspension) are as follows: Mandatory license suspension (for life); Costs and Supervision Fees." (Underline in original.)

{¶9} The trial court accepted appellant's plea, found him guilty of both offenses, and ordered a presentence investigation ("PSI").

{¶10} A sentencing hearing was held on August 6, 2024. In addition to the underlying charges, appellant was also before the trial court for sentencing on community control violations in a separate case, Case No. 2021 CR 000209. Appellant pleaded guilty to the community control violations.

{¶11} At the sentencing hearing, the State offered a certified copy of appellant's prior conviction of failure to comply, in Cuyahoga County Common Pleas Case No. CR-16-607544-A. Defense counsel did not dispute that appellant had a prior conviction of

4

failure to comply. However, defense counsel objected to the imposition of a mandatory lifetime driver's license suspension on the grounds that it affected appellant's due process rights. Specifically, counsel argued that appellant "had no notice" and "was never advised" of the consequences of a driver's license suspension at the time of his plea or sentence in Cuyahoga County on his prior failure to comply. Defense counsel submitted the transcripts of the hearing in the prior case as Defense Exhibit A. Defense counsel argued that appellant's "previous plea was not made knowingly, intelligently and voluntarily based on the fact that he was not advised at all of the potential driver's license suspension whatsoever with regard to . . . the charge of failure to comply." Appellant's license was not suspended by Cuyahoga County after he was convicted of his first failure to comply. Defense counsel argued that a lifetime driver's license suspension without privileges amounted to "cruel and unusual punishment in this day and age."

{¶12} When imposing the sentence for these offenses, the trial court noted appellant's criminal history including prior convictions of felony drug offenses, failure to comply, improper handling of firearms in a motor vehicle, carrying a concealed weapon, and several other drug-related offenses. On the probation violation, in Case No. 2021 CR 000209, the trial court sentenced appellant to a prison term of 18 months on both counts and ordered those to be served concurrently to each other. Appellant was given credit for 210 days.

{¶13} The trial court then sentenced appellant in the underlying case to a prison term of twenty-four (24) months on Count 1; and six (6) months in prison on Count 2. The trial court ordered the sentences to be served consecutively to each other and consecutively to the sentence imposed in Case No. 2021 CR 000209. In addition, the trial

5

Case No. 2024-L-062

court imposed a mandatory driver's license suspension and suspended appellant's driver's license for life.

## The Appeal

**{¶14}** Appellant appeals and raises a single assignment of error for review: "A mandatory lifetime driver's license suspension, with no driving privileges, as mandated by the failure to comply statute, is unconstitutional as it is in violation of the Eighth Amendment's prohibition on cruel and unusual punishment." Specifically, appellant asserts that "the sentence of a mandatory lifetime driver's suspension with no driving privileges is grossly disproportionate to the nature of the crime, is shocking to a reasonable person and to the community's sense of justice." Appellant asks this Court to determine the statute to be unconstitutional as a mandatory driver's license suspension amounts to cruel and unusual punishment. We disagree.

**{¶15}** "The Eighth Amendment to the United States Constitution provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted.' See also, Section 9, Article I of the Ohio Constitution. In addition to protecting individuals from punishment such as torture, the Eighth Amendment has been invoked to prohibit punishment that is disproportionate to the crime committed. *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 370." *State v. Rhodes*, 2001-Ohio-8693, *7-8 (11th Dist.). Violations of the Eighth Amendment are rare and are limited to punishments which would be shocking to a reasonable person under the circumstances. *Id.,* citing *Weitbrecht* and *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70 (1964). In other words, the punishment "must be so greatly disproportionate to the offense that it shocks the sense of justice of the community." *Id.*

6

**{¶16}** "[A]ll legislative enactments enjoy a strong presumption of constitutionality. *Weitbrecht, supra*, 86 Ohio St.3d at 370. Any reasonable doubt as to the constitutionality of a statute must be resolved in favor of the General Assembly's power to enact the statute. *State v. McDonald* (1987), 31 Ohio St.3d 47, 48." *Rhodes* at *8. "The party asserting the unconstitutionality of a statute must prove this assertion beyond a reasonable doubt." *Id.,* citing *State v. Thompkins* 75 Ohio St.3d 558, 560 (1996).

**{¶17}** R.C. 2921.331(B) provides: "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." The offense is a third-degree felony pursuant to R.C. 2921.331(C)(5)(a)(ii).

**{¶18}** Subsection (E) of R.C. 2921.331 states in relevant part:

> In addition to any other sanction imposed for a felony violation of division (B) of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code. . . . If the offender previously has been found guilty of an offense under this section, in addition to any other sanction imposed for the offense, the court shall impose a class one suspension as described in division (A)(1) of that section. The court shall not grant limited driving privileges to the offender on a suspension imposed for a felony violation of this section. The court may grant limited driving privileges to the offender on a suspension imposed for a misdemeanor violation of this section as set forth in section 4510.021 of the Revised Code. No judge shall suspend the first three years of suspension under a class two suspension of an offender's license, permit, or privilege required by this division on any portion of the suspension under a class one suspension of an offender's license, permit, or privilege required by this division.

**{¶19}** "When a court elects or is required to suspend the driver's license. . .of any offender from a specified suspension class, for each of the following suspension classes, the court shall impose a definite period of suspension from the range specified for the

7

suspension class: (1) For a class one suspension, a definite period for the life of the person subject to the suspension." R.C. 4510.02(A)(1). The following subsection, R.C. 4510.02(A)(2) provides: "For a class two suspension, a definite period of three years to life."

{¶20} In *State v. Holmes*, 2006-Ohio-2175 (9th Dist.), a license suspension penalty pursuant to R.C. 2921.331 was challenged as a cruel and unusual punishment and the Ninth Appellate District upheld the provision. *Id.* at ¶ 8. While *Holmes* involved a three-year, class two license suspension, mandatory lifetime license suspensions have also been upheld against challenges as violations of the Eighth Amendment in cases of aggravated vehicular homicide and aggravated vehicular assault in accordance with R.C. 2903.06 and R.C. 2903.08, respectively. *See State v. Fields*, 1993 WL 489731, *2 (12th Dist. Nov. 29, 1993); *Rhodes*, 2001-Ohio-8693, *8 (11th Dist.).

{¶21} A driver's or operator's license in the state of Ohio is a privilege. *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 52, (1990). There is no right to have a driver's or operator's license. That privilege can be suspended for convictions of a number of different offenses. Here, the statute specifically prescribes a lifetime driver's license suspension when an individual is convicted of failure to comply pursuant to R.C. 2921.331 and has a prior conviction of the same offense.

{¶22} It is undisputed that appellant was previously convicted of failure to comply. The transcript of the plea hearing from his prior conviction in Cuyahoga County Court of Common Pleas Case No. CR-607544 was filed as Defense Exhibit A in the trial court. The transcript provides that appellant, while on a dirt bike, fled from police. Appellant's vehicle was traveling approximately 45 miles per hour through a residential neighborhood,

Case No. 2024-L-062

did not stop for sirens or lights, and went through four stop signs. At the time of the prior incident, a street festival was occurring and the area had a high volume of pedestrian traffic. Defense Exhibit A. Appellant, with different trial counsel, pleaded guilty to the charge. The trial court did not impose a driver's license suspension in contravention to the statutory authority.

{¶23} Now, in the underlying case, appellant once again fled from police and led them on a high-speed pursuit in a motor vehicle. The trial court was statutorily required to impose a mandatory lifetime suspension upon appellant's second conviction of failure to comply. While the trial court in Cuyahoga County did not impose a license suspension upon appellant's first conviction, the existence of a prior suspension is immaterial. There is nothing to suggest that a defendant must first receive an initial suspension prior to a trial court imposing a lifetime suspension. Such an argument is unpersuasive and unsupported by the law. Indeed, on an initial felony violation of R.C. 2921.331, the trial court is instructed to impose a class two license suspension, or a suspension for a definite period of three years to life. R.C. 4510.02(A)(2).

{¶24} Appellant has failed to prove beyond a reasonable doubt that the mandatory lifetime driver's license suspension is unconstitutional. The statute is clear and is presumed to be constitutional. Therefore, we conclude that a mandatory lifetime driver's license suspension, in light of appellant's repeated defiance of law enforcement officials, is not disproportionate, and it does not shock the sense of justice of the community.

Case No. 2024-L-062

{¶25} For the reasons set forth above, the judgment of the Lake County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-L-062